**Nos. 23-2427 & 23-2428**

# In the United States Court of Appeals for the Third Circuit

CAREDX, INC.,

*Plaintiff-Appellant/Cross-Appellee*,

v.

NATERA, INC.,

*Defendant-Appellee/Cross-Appellant.*

Appeal from the U.S. District Court for the District of Delaware
No. 19-cv-662, Hon. Colm F. Connolly

### NATERA, INC.'S RULE 28.1(b) MOTION TO MODIFY PARTY DESIGNATIONS

Robert T. Smith
Timothy H. Gray
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Ave. NW Suite 800
Washington, DC 20006-3404
Tel.: 202-625-3500
robert.smith1@katten.com
timothy.gray@katten.com

Bruce G. Vanyo
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020-1604
Tel.: 212-940-8800
bruce@katten.com

Kristin J. Achterhof
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Tel.: 312-902-5296
kristin.achterhof@katten.com

*Counsel for Natera, Inc.*

## United States Court of Appeals for the Third Circuit

### Corporate Disclosure Statement and
### Statement of Financial Interest

No. <u>23-2427,<br>23-2428</u>

CareDx, Inc.

v.

Natera, Inc.

<u>Instructions</u>

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, makes the following disclosure:

## Natera, Inc.

(Name of Party)

1) For non-governmental corporate parties please list all parent corporations: None

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

None

3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

N/A

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

N/A

## /s/ Timothy H. Gray

(Signature of Counsel or Party)

Dated: 8/17/2023

**rev: 09/2014**                    (Page 2 of 2)

## INTRODUCTION

Pursuant to Rule 28.1(b) of the Federal Rules of Appellate Procedure, Appellee/Cross-Appellant Natera, Inc. respectfully moves that Natera be re-designated the Appellant/Cross-Appellee and CareDx, Inc. be re-designated the Appellee/Cross-Appellant. Under the default rules, CareDx was listed as Appellant/Cross-Appellee simply because it was the initial plaintiff below. But these default rules are inappropriate in the context of these cross-appeals.

These appeals involve ten advertising claims made by Natera that CareDx asserted were false. CareDx pursued three avenues of liability predicated on the falsity of these ten false advertising claims—the Lanham Act, state statute, and state common law unfair competition. The jury found Natera liable on these theories for nine of those claims and not liable for one. The district court did not disturb the jury's ultimate findings on liability, but it did set aside the jury's award of damages to CareDx, because CareDx had failed to submit evidence of "actual deception" or "reliance"—prerequisites for damages in this circuit. For similar reasons, the district court set aside liability on the state unfair competition claim—because CareDx failed to establish the elements of injury and causation necessary to that claim.

Through its appeal, Natera seeks to set aside the jury's finding that Natera is liable on nine of the advertising claims. In contrast, CareDx's cross-appeal is expected to focus on the second-order issue of reinstating the jury's damages award on those same nine claims, seek a directed verdict on the tenth advertising claim, where the jury found no liability, and argue for the reinstatement of liability on the state unfair competition claim.

Re-designating Natera as the principal Appellant and CareDx as the principal Appellee ensures that the Court will receive briefing in the most logical order—with the parties briefing *all* issues of liability before CareDx raises issues about damages. Such a realignment makes particular sense in this case for two reasons. First, understanding the underlying issues of liability—as to all advertising claims alleged to be false—will more fully inform the Court on the secondary issue of damages. Second, if this Court resolves liability on issues of falsity in Natera's favor, then it need not concern itself with CareDx's damages arguments. Finally, as a general matter, the default designation of CareDx as Appellant does not make sense where Natera, not CareDx, is seeking reversal of far more of the verdict.

As such, the briefing should reflect the order in which the Court will most naturally address the parties' arguments. The parties have conferred,

2

and CareDx states that it opposes this motion because it was the initial plaintiff below and intends to address its subset of issues related to liability. Nevertheless, as explained more fully below, the Court should use its authority under Rule 28.1(b) to re-designate the parties.

## BACKGROUND

These cross-appeals concern CareDx's claims of false advertising against Natera, its competitor in the field of diagnostic tests that detect kidney transplant rejection. CareDx and Natera each sued the other for false advertising under the Lanham Act and Delaware law—*both* parties were plaintiffs below. After two years of litigation and a five-day trial covering complex technical and scientific issues requiring extensive expert testimony, the jury found Natera liable as to nine challenged advertising claims and CareDx liable as to one challenged advertising claim and awarded CareDx $44.9 million in damages.

Both parties sought judgment as a matter of law; Natera also moved in the alternative for a new trial or remittitur. Natera's motion challenged both the verdict of liability on the nine advertising claims and the jury's award of damages on those claims. First, Natera contended that the jury's finding of liability could not stand on legal or factual grounds because the

advertisements were ambiguous, and CareDx's only theory of literal falsity—based on the "establishment claim" doctrine—could not be proven on the evidence adduced at trial. Second, Natera challenged the basis for the jury's award of damages, which, under controlling Third Circuit authority, required evidence of "actual deception" and "reliance," and required evidence of causation and injury under state unfair competition law. For its part, CareDx narrowly moved for judgment of liability as to the single remaining advertising claim against Natera that the jury did *not* find to be false.

On July 17, 2023, in separate orders, the district court denied CareDx's motion for judgment as a matter of law and granted Natera's motion in part. It denied CareDx's motion because it concluded that CareDx had not carried its heavy burden of showing that no reasonable jury could have rejected liability on an issue for which CareDx bore the burden of proof. It granted Natera's motion as to damages and state unfair-competition liability for the same underlying reason—CareDx failed to adduce evidence of actual deception and reliance (for the Lanham Act) and therefore failed to establish injury and causation (for common law unfair competition). But the district

4

court sustained the jury's verdict as to the Lanham Act and state statutory liability on the nine remaining advertising claims.

The district court entered an agreed-upon final judgment and injunctive order on August 7, 2023. Later that day, Natera and CareDx each noticed an appeal. As noted above, Natera is challenging liability on the nine claims the jury found to be false. In contrast, CareDx is principally concerned with reinstating the jury's award of damages on those same claims while also pledging to challenge the narrow subset of liability issues on which it lost below.

## ARGUMENT

Rule 28.1(b) of the Federal Rules of Appellate Procedure provides that where, as here, "notices [of appeal] are filed on the same day, the plaintiff in the proceeding below is the appellant," but "[t]hese designations may be modified by the parties' agreement or by court order." Fed. R. App. P. 28.1(b). CareDx does not consent to modification of the default designations. Accordingly, Natera moves that they be modified by court order because, as a logical and practical matter, Natera's appeal, which will address comprehensive questions of *liability*, should precede CareDx's appeal, which

will focus principally on the *damages* awarded on those same findings of liability.

First, it is logical for Natera, which is appealing the substance of an unfavorable verdict upheld by the district court, to be the Appellant/Cross-Appellee. Natera will challenge the legal and factual justification for the jury's determination that Natera was liable for false advertising for nine challenged advertising claims. Its arguments will encompass virtually every factual issue disputed at trial and raise legal issues of whether liability could be found in the first instance on the "establishment claim" theory advanced at trial.

Should Natera prevail on its appeal, it will obviate this Court's need to decide the second-order issue of whether the evidence sufficed for an award of damages—the principal subject of CareDx's cross-appeal. *Cf., e.g.*, *Elliott v. Michael James, Inc.*, 559 F.2d 759, 763 (D.C. Cir. 1977) ("We so order our discussion since, as may seem apparent, unless liability be established we need not reach Plaintiff's claim respecting a recovery of damages for wrongful death."). Importantly, the reverse is not true. This Court still must resolve Natera's challenge to liability on the nine advertising claims, even if it agrees that CareDx failed to prove damages, because the district court also

enjoined Natera from making the nine challenged advertising claims in the future. Simply put, this Court must address Natera's appeal no matter what, but it need not concern itself with CareDx's challenge to damages if it finds that Natera is not liable.

Second, as a practical matter, it is more sensible and efficient for Natera to be responsible for the Opening Brief. Natera intends to present a comprehensive analysis of the jury's verdict—all ten challenged advertising claims—based upon the theories asserted by CareDx. This, in turn, will entail a thorough recitation of *all* of the arguments and evidence presented at trial—one that will necessarily encompass the purported evidentiary underpinnings for the damages award, too. Because CareDx has no quarrel with nine-tenths of the jury's liability findings, it will have less cause in its Opening Brief to offer a detailed account of the entire trial record should it retain the designation of Appellant/Cross-Appellee. Moreover, as noted above, if the parties maintain their present designations, CareDx will brief only a subset of the issues on liability, and inject the issue of damages before the Court considers a more holistic presentation from both parties on liability. As such, re-designating the parties avoids confusion and will

ensure that the issues are discussed in a way that is more accessible for the Court.

During the meet-and-confer process, CareDx intimated that it opposes this motion because CareDx was the plaintiff below, and because it intends to argue liability as well. Neither argument is a compelling basis for preserving CareDx's designation as principal Appellant. First and foremost, both parties were plaintiffs below, and even though these cross-appeals are limited to CareDx's claims as plaintiff, it makes far more sense to address liability before damages. Second, Natera is far more aggrieved by the jury's findings of liability on the nine advertising claims than CareDx is aggrieved by the jury's finding of no liability on the tenth claim, or by the Court's setting aside liability on its common law theory. The Court allowed a verdict of false advertising to stand in favor of CareDx on nine advertising claims. In addition to carrying the stigma of being found liable, Natera is enjoined from making those nine advertising claims in perpetuity. CareDx did not suffer proportionate harm when the district court refused to direct a verdict in its favor on its tenth false advertising claim. And at the end of the day, the party designation should match who is most aggrieved by the judgment below. After all, an appellant is the party "seeking reversal" of the judgment

below, and an appellee is "seeking affirmance of the lower court's decision." BLACK'S LAW DICTIONARY 95 (7th ed. 1999).

This case should not sit as an exception to the general rule that the most aggrieved party serves as the Appellant. As a result, Natera's challenge to the jury's findings of liability on nine of the ten advertising claims at issue here should be considered before CareDx's challenge to the damages award on those same claims and only a narrow set of issues on liability. The Court should re-designate the parties.

## CONCLUSION

The motion should be granted, and the Court should re-designate Natera, Inc. as the Appellant/Cross-Appellee and CareDx as Appellee/Cross-Appellant for purposes of these cross-appeals.

Date: August 17, 2023          Respectfully submitted,

Bruce G. Vanyo                    /s/ *Robert T. Smith*
KATTEN MUCHIN ROSENMAN LLP   Robert T. Smith
50 Rockefeller Plaza              Timothy H. Gray
New York, NY 10020-1604           KATTEN MUCHIN ROSENMAN LLP
Tel.: 212-940-8800                1919 Pennsylvania Ave. NW, Suite 800
bruce@katten.com                  Washington, DC 20006-3404
                                  Tel.: 202-625-3500
Kristin J. Achterhof              robert.smith1@katten.com
KATTEN MUCHIN ROSENMAN LLP   timothy.gray@katten.com
525 W. Monroe Street
Chicago, IL 60661-3693
Tel.: 312-902-5296
kristin.achterhof@katten.com


*Counsel for Natera, Inc.*

## CERTIFICATE OF BAR MEMBERSHIP

I hereby certify that all attorneys whose names appear on this Motion are members of the Bar of this Court.

Dated:  August 17, 2023                    _/s/ Robert T. Smith_____

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Motion complies with the word limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,748 words, excluding those parts exempted by Fed. R. App. P. 27(d)(2).

This Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), incorporated by Fed. R. App. P. 27(d)(1)(E), because it was prepared in Microsoft Word 2016 using a proportionally spaced typeface (Book Antiqua) in 14-point font.

This Motion complies with the electronic filing requirements of Local Rule 31.1(c) because Trend Micro Apex One, Version 14.0.11564, has been run on the file containing the electronic version of this brief and no viruses have been detected.

Dated: August 17, 2023                      */s/ Robert T. Smith*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Motion to be filed on August 17, 2023, with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the Court's electronic filing system, which will send a notice of electronic filing to all attorneys appearing in this matter. In addition to that notification, I certify that I caused a copy of the foregoing Motion to be served by electronic mail on the following counsel for CareDx:

Edward R. Reines
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
edward.reines@weil.com

Randi Singer
Elizabeth McLean
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8152
randi.singer@weil.com
Elizabeth.McLean@weil.com

Dated:  August 17, 2023

*/s/ Robert T. Smith*